# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| KASHMIR L. BRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:10-CV-229 |
| | ) | |
| GARY POLICE DEPARTMENT CHIEF, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **DISMISSES** this complaint pursuant to 28 U.S.C. section 1915A(b)(1).

BACKGROUND

Plaintiff Kashmir Bray ("Bray"), a prisoner confined at the Miami Correctional Facility, filed a complaint pursuant to 42 U.S.C. section 1983, alleging the violation of his federally protected rights when he was arrested by Gary police officers on September 14, 2005. Bray seeks declaratory and injunctive relief, and damages "in the amount of $5.5 Million against each defendant jointly and severally." (DE 1 at 7). He asks the court to enter injunctive relief to reopen his "criminal case and to have the Superior Judge retry my case." (DE 1 at 6).

1

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), this Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In the context of *pro se* litigation, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007).

Bray alleges that on September 14, 2005, Gary Police Department Detective Keith Richardson used excessive force on him while arresting him without a warrant or probable cause. He alleges that when Detective Richardson delivered Bray to the police station, Detective Dawn Westerfield "started going off at me and asking me to sign [a] statement that I refuse[d] to sign." (DE 1 at 4). He further alleges that because he refused to sign the form, Detective Richardson grabbed his left arm and that Detective Westfield "beat my head down on to her desk until I went into a seizure," and then she told Bray that he would get no medical treatment or seizure medication until he signed a statement. (DE 1 at 4-5).

Because there is no federal statute of limitations for actions filed pursuant to section 1983, courts apply the most appropriate state statute of limitations. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 988 (7th Cir.

3

2000); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

The Clerk of this Court received Bray's complaint on June 8, 2010. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date they are delivered to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). At the screening stage, this court normally accepts the date a prisoner signs his complaint as the date he delivered it to prison officials for mailing. A complaint is clearly still in the prisoner's possession the day he signs it, and it cannot have been submitted for mailing before that date.

Because Bray signed his complaint on May 25, 2010, the court considers events occurring before May 25, 2008, as beyond the statute of limitations. Because all of the events

dealing with Bray's excessive force claim against Detectives Richardson and Westerfield, and his claim that he was arrested without probable cause, occurred on or about September 14, 2005, which is more than two years before he filed his complaint, these damage claims are barred by the statute of limitations.

Although the complaint is vague on the point, this Court reads paragraphs 14 and 17 of the complaint as alleging that after he had a seizure during questioning, he signed the statement Detective Westerfield wanted him to sign, and that this statement was used against him at trial. To the extent Bray may be seeking damages because the statement he alleges the defendants coerced him into signing caused him to be convicted of a crime he did not commit, his claims are premature. This is because if the remedy sought under section 1983 would require a finding or judgment that would render a conviction or sentence invalid, the section 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). To conclude that Bray is entitled to damages because a statement the defendants allegedly obtained from

5

him caused him to be wrongfully convicted would require a finding or judgment that his conviction is invalid. Thus, having his conviction set aside is a prerequisite for Bray to bring this claim in a section 1983 action. The court will dismiss this claim without prejudice to Bray's right to refile it if he is able to have his conviction set aside.

In addition to damages, Bray asks the court to set aside his criminal conviction and order that he be retried. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the United States Supreme Court considered the relationship between 42 U.S.C. section 1983 and 28 U.S.C. section 2254, and concluded "that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of §1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), *citing Preiser v. Rodriguez*, 411 U.S. at 488-490. To the extent Bray seeks to have his criminal conviction set aside and to be released or retried, he must present his request to the federal courts by means of a petition for writ of habeas corpus. The Seventh Circuit has admonished district courts not to convert civil rights complaints into habeas corpus petitions. *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996). Accordingly, this Court will dismiss this portion of Bray's complaint without prejudice to his right to file a habeas corpus petition asserting his claim that his confinement

violates the Constitution.

CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. section 1915A(b), this Court **DISMISSES** this complaint and **DIRECTS** the Clerk to close this case. The dismissal of the Plaintiff's damage claim that the defendants coerced him into making a statement that caused him to be convicted of a crime he did not commit is **DISMISSED WITHOUT PREJUDICE** to his right to refile that claim against them if he is able to have his conviction set aside. The Plaintiff's request that this court set aside his conviction and order him to be retried is **DISMISSED WITHOUT PREJUDICE** to his right to resubmit this claim in a habeas corpus petition.

**DATED: June 28, 2010**           /S/RUDY LOZANO, Judge
                                   **United States District Court**